SYDNEY R. BLISS, PETITIONER, *v.* COMMISSIÓNER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55902.    Promulgated September 9, 1932.

*Claude W. Dudley, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, for the respondent.

OPINION.

TRAMMELL: It is clear that under section 161 (b) of the Revenue Act of 1928 the petitioner is not liable for the tax upon the income of the trusts unless he has reserved to himself the power to revest in himself title to the corpus of the trusts, or unless it appears that the income of the trusts may in the discretion of the grantor be distributed to him or be held or accumulated for future distribution to him.

The pertinent provisions of the Revenue Act of 1928 are as follows:

[SEC. 161.] (b) * * * The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). * * *

[SEC. 166.] Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

[SEC. 167.] Where any part of the income of a trust may, in the discretion of the grantor or the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

We think it is clear from the trust instruments that the grantor had no power to revest in himself title to any of the corpus of the trusts. The petitioner did not reserve the right to alter, amend or revoke in whole or in part the terms or conditions of the trusts, by himself or in

connection with any other person. The right to revoke, alter or amend was vested exclusively in Helen Jones Bliss, and it was specifically provided in the trust instruments that the grantor had no interest whatever in such right or power. · Clearly, the trust instruments did not come within the provisions of section 166 of the Revenue Act of 1928.

Nor was any part of the income of the trusts distributable in the discretion of the grantor to himself, either alone or in conjunction with any other person, nor was it to be held or accumulated for future distribution to the grantor, nor was any part of the income to be applied to the payment of premiums upon life insurance policies upon the life of the grantor, nor were any other facts present which would in any way bring the trust instruments within the purview of section 167 of the Revenue Act of 1928.

Where the terms of a trust instrument do not bring it within section 166 or 167 of the Revenue Act of 1928, then, under section 611 (b) of the same act, the tax must be computed upon the net income of the estate or trust and shall be paid by the fiduciary.

We think it is of no importance that, in the event of the death of the beneficiary without issue prior to her attaining the age of 35 years, the trust is to terminate and the corpus be distributed to the grantor or his heirs. See *Duke et al., Executors*, 23 B. T. A. 1104. Nor do we think it of any importance that the grantor or his wife had to be consulted and a written order be obtained from either of them before making payments in connection with the maintenance, care, comfort and support of their minor children. This does not mean that the grantor of the trust had any right to alter the trust or to revoke the trust, or to have any of the income distributed to him or accumulated for his benefit. Nor do we think *it of* any importance that the grantor would have to be consulted in connection with certain discretionary powers as to investments and exchanges or sales of securities. The fact that he should be consulted does not mean that he had any power to prevent the trustee from exercising its best judgment, and, in any event, it does not indicate that the grantor had any power of revocation or alteration, or to obtain or secure any of the income for himself.

The respondent, in his memorandum, referred to the brief filed by him in the case of Valentine Bliss, apparently upon the theory that there is some similarity between that case and this case. Any similarity between the two cases is too remote to have any bearing upon the consideration of this case.

*Judgment will be entered for the petitioner.*